# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

MICHAEL REILLY, an individual,

   Plaintiff,

v.          Case No:  2:16-cv-224-FtM-99CM

LEE MEMORIAL HEALTH
SYSTEMS, and PAVILION AT
HEALTHPARK LLC,

   Defendants.

_____

## ORDER

This matter comes before the Court upon review of *Pro Se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2), which the Court construes as a Motion to Proceed *In Forma Pauperis*; Plaintiff's Motion for Order Granting IFP (Doc. 7); and Plaintiff's Motion for Service of Pleadings (Doc. 8).  In accordance with 28 U.S.C. § 1915, the undersigned must first determine that Plaintiff meets the requirements of indigency and then conduct a sufficiency review of the Complaint (Doc. 1).  For the reasons stated herein, Plaintiff's motion will be denied without prejudice, and Plaintiff will be afforded an opportunity to file an amended complaint in accordance with this Order.

### I. Indigency

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he "is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1). When considering a motion filed pursuant to 28 U.S.C. § 1915(a), "[t]he

only determination to be made by the court .... is whether the statements in the affidavit satisfy the requirement of poverty." M*artinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). A person need not be "absolutely destitute" or reduce himself to a public charge in order to proceed *in forma pauperis*; rather "an affidavit will be held sufficient if it represents that the litigant, because of [his] poverty, is unable to pay for the court fees and costs, and to support and provide necessities for [himself] and [his] dependents." *Id.*

Here, upon review of Plaintiff's Application, he appears to qualify to proceed without the prepayment of costs in this matter. Plaintiff states that he is unemployed and receives $776.00 per month in Social Security Income. Doc. 2 at 1. He does not list any other income or assets. Plaintiff asserts that he pays $450.00 in rent and has "other cost of living [sic] food medical etc." Doc. 2 at 1. Thus, Plaintiff appears to meet the indigency requirements of 28 U.S.C. § 1915.

## II.     Sufficiency of the Complaint

Although Plaintiff meets the financial criteria to proceed *in forma pauperis*, Plaintiff still would not be permitted to proceed on his Complaint as written, because Plaintiff's Complaint fails to comport with the Federal Rules of Civil Procedure.

Once an application for leave to proceed *in forma pauperis* demonstrates sufficient economic eligibility on its face, the Court must proceed to determine the sufficiency of Plaintiff's claims. Before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks

monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*. See 28 U.S.C. § 1915(e)(2).

At the outset, Plaintiff's Complaint (Doc. 1) fails to comply with Rules 8 and 10, Federal Rules of Civil Procedure. Rule 8(a) requires that a pleading set forth a claim of relief and contain a "short and plain statement" in which the pleader is entitled to relief. Fed. R. Civ. P. 8(a). This requirement ensures that the defendant is given fair notice of what is the claim and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561-63 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Twombly*, 550 U.S. at 555). Rule 10(b) requires that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded upon on a separate transaction or occurrence– and each defense other than a denial– must be stated in and separate count or defense.

Fed. R. Civ. P. 10(b).

In no organized manner as required by Rule 10(b), Plaintiff's Complaint alleges the following. Plaintiff was voluntarily admitted at Gulf Coast Hospital for sepsis, which caused stroke, from November 17, 2015 to November 27, 2015. Doc. 1 at 1. On November 27, 2015, Plaintiff requested that he be released. *Id*. Plaintiff did not request services for any mental health conditions. *Id*. Plaintiff was involuntarily

held via the Baker Act from November 28, 2015 through December 2, 2015. *Id.* Plaintiff was released on December 2 or 3, 2015[1] after a habeas corpus was filed on his behalf. *Id.* at 2. Lee Memorial Health System billed Medicare for services in a fifteen-day hospital stay, pursuant to which $6,196.92 was paid. *Id.* The Pavilion at Healthpark LLC billed Medicare for services in a six-day stay from December 2, 2015 to December 8, 2015, pursuant to which $3,415.49 was paid.[2] *Id.* Plaintiff was informed[3] that he could be billed a $1,260 deductible for impatient hospital services. *Id.*

Plaintiff's Complaint alleges that "it was not legal for [d]octors with Lee Physicians Group, Lee Memorial Health Systems to detain Plaintiff for 5 days between 11/28/2015-12/02/2015 via the Baker Act." Doc. 1 at 1. Further, Plaintiff claims that "it was not legal for State operated Baker Act facility to charge a patient or a [sic] insurance provider for services not requested or consented to by a patient." *Id.* Moreover, the Complaint alleges that "the [B]aker Act facility did not release [P]laintiff until a Habeas Corpus was filed demanding a reply, which the facility answered with a voluntary discharge on the 6th day." *Id.* at 2. Plaintiff does not specifically assert under what causes of action he brings his suit. Instead, in his wherefore clause, Plaintiff "demands a Finding & Judgment against Lee Physician

---

[1] The Court assumes the date to be December 2, 2015 or December 3, 2015 as Plaintiff alleges that he was released "on the 6th day" after alleging that "they used the Baker Act to hold me from 11/28/2015 – 12/2/2015." Doc. 1 at 1-2.

[2] Plaintiff does not allege why Pavilion at Healthpark LLC billed Medicare for a stay from December 2, 2015 to December 8, 2015 when he alleges that he was released before that date. *See* note 1, *supra*.

[3] Plaintiff does not specify who informed him.

Group, Lee Memorial Health System for 5 days of [f]alse imprisonment of plaintiff . . . & against Pavilion at Healthpark for 3 days of [f]alse imprisonment of [Plaintiff]." *Id*. Among other things, Plaintiff also requests the Court to "direct its findings to agency for investigation of Medicare overpayments and fraud" and demands "whistle blower percentage reward for any fraud uncovered." *Id*. As written, the Court is unable to discern the legal authority under which Plaintiff is bringing suit.

Moreover, it appears that Plaintiff's Complaint is grounded on the principal allegation that Defendants failed to follow the procedure under The Baker Act. *See* Fla. Stat. § 394.451 *et seq*. Plaintiff's Complaint does not specifically state any proper jurisdictional basis as to why this Court is appropriate to bring his suit. To the extent Plaintiff seeks a claim that Defendants failed to follow the complex statutory procedure as required under The Baker Act, the Supreme Court's decision in *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984) holds that the Eleventh Amendment bars a federal court from granting relief against state officials[4] on the ground that they violated state law. Thus, a plaintiff seeking federal relief against state officials must allege and prove a violation of the United States Constitution or of a federal law. *See id*.

"Although courts liberally construe pro se pleadings, a pro se litigant is still required to conform to procedural rules, and a [ ] judge is not required to rewrite a deficient pleading. Where allegations are vague and ambiguous, leaving the reader

---

[4] It is not clear to the Court whether Plaintiff is alleging that Defendants are state officials because the Complaint merely states "Defendant Pavilion at Healthpark LLC . . . filed a claim . . . for [sic] The claim was made by a State operated Baker Act facility…" Doc. 1 at 1.

to guess at precisely what the plaintiff was claiming, the judge should require the plaintiff to replead his claims." *McFarlin v. Douglas Cnty.*, 587 Fed. Appx. 593, 595 (11th Cir. 2014) (citations omitted).  The Court therefore will require Plaintiff to replead his claims.

### III. Conclusion

Because Plaintiff's Complaint, as written, suffers from numerous deficiencies as outlined herein, and in light of his *pro se* status, he will be permitted an opportunity to file an amended complaint consistent with the directives in this Order. Failure to follow the Court's directives may lead to the Court recommending that this case be dismissed.

For Plaintiff's benefit, although *pro se* pleadings generally are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), it is also mandatory that pro se litigants proceed in accordance with Federal and Local Rules.  *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) (noting that despite certain leniency afforded pro se parties, they must follow procedures).  The Court therefore strongly encourages Plaintiff to attempt to retain counsel admitted to practice before this Court to assist him with litigating this matter.  *See Schebel v. Charlotte Cnty.*, 833 F. Supp. 889, 890 (M.D. Fla. 1993) ("strenuously" encouraging pro se plaintiff in civil action to retain legal counsel); see also *Montgomery v. Brickell Place Condo. Ass'n*, No. 11-24316-CIV, 2012 WL 1203837, at *3 (S.D. Fla. Apr. 11, 2012) (encouraging pro se plaintiff to "retain legal counsel and, failing that, to

diligently research how to prosecute" a case in federal court because pro se parties are responsible for discovery, complying with scheduling orders and following federal and local rules).

While the Court recommends that Plaintiff retain counsel, in the event he is unable to do so, before preparing any further pleadings, Plaintiff is encouraged to visit the "Proceeding Without a Lawyer" section of this Court's website at www.flmd.uscourts.gov.   The website includes tips, frequently asked questions, sample forms, and a "Guide for Proceeding Without a Lawyer."  There is also a link that will direct Plaintiff to an interview process that will help him with producing an amended complaint.  Additionally, Plaintiff may access several forms, which are be available to *pro se* litigants in federal court. Specifically, the following website, http://www.uscourts.gov/forms/pro-se-forms, contains sample Complaint forms. Plaintiff is encouraged to utilize these resources in drafting his amended complaint and any related motions so that he may properly set forth his claims and requests for relief to the Court.

ACCORDINGLY, it is hereby

**ORDERED:**

1.     Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2), Plaintiff's Motion for Order Granting IFP (Doc. 7); and Plaintiff's Motion for Service of Pleadings (Doc. 8) are **DENIED without prejudice**.

2.     Plaintiff shall have up to and including **November 14, 2016** to file an amended complaint.  Plaintiff's failure to file an amended complaint, along with a

new motion to proceed *in forma pauperis* and supporting documents, or pay the filing fee, within the time permitted may result in the Court recommending that this action be dismissed.

**DONE** and **ORDERED** in Fort Myers, Florida on this 12th day of October, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record